**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

THOMAS J. DAVIS,
<u>Special Master,</u>

JAMES E. CARTER; ALEXANDER S.;
ALFRED S.; BENNY B.;
CHRISTOPHER M.; LAFAYETTE M.;
RICKY S., by and through their
Guardian ad Litem; LESLY A.
BOWERS, Guardian ad Litem,
<u>Plaintiffs-Appellees,</u>

and

INEZ MOORE TENEBAUM, individually
and as a representative of a class of

juveniles,                                                        No. 96-2540
<u>Plaintiff,</u>

v.

FLORA BROOKS BOYD,
<u>Defendant-Appellant,</u>

and

RICHARD E. MCLAWHORN,
individually and in his official
capacity as former Commissioner of
the Department of Juvenile Justice
for the State of South Carolina;
JOHN F. HENRY; FRANK MAULDIN;

KATHLEEN P. JENNINGS; JOSEPH W.
HUDGENS; KAROLE JENSEN; J. P.
NEAL, individually and in their
official capacities as former board
members for the South Carolina
Department of Juvenile Justice;
SOUTH CAROLINA DEPARTMENT OF
YOUTH SERVICES,
<u>Defendants,</u>
MICHAEL W. MOORE, Director of the
South Carolina Department of
Corrections,
<u>Party in Interest,</u>

RICHARD A. HARPOOTLIAN, in his
official capacity as the Solicitor for
the Fifth Judicial Circuit,
<u>Movant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CA-90-3062-3-17)

Argued: June 6, 1997

Decided: June 27, 1997

Before MURNAGHAN, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Carolyn Cason Matthews, WOODWARD, COTHRAN &
HERNDON, Columbia, South Carolina, for Appellant. W. Gaston

2

Fairey, Rochelle Romosca McKim, FAIREY, PARISE & MILLS, P.A., Columbia, South Carolina, for Appellees. **ON BRIEF:** Edward W. Woodward, Jr., WOODWARD, COTHRAN & HERNDON, Columbia, South Carolina, for Appellant. Nancy C. McCormick, PROTECTION AND ADVOCACY FOR PEOPLE WITH DISABILITIES, INC., Columbia, South Carolina; Lesly A. Bowers, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Plaintiffs-Appellees, a class of juveniles confined in institutions operated by the South Carolina Department of Juvenile Justice ("DJJ"), filed suit in December 1990 against various DJJ officials (collectively, the "State"). They alleged that various conditions of their confinement at four DJJ institutions located in Columbia, South Carolina (the "DJJ Columbia Facilities") violated their constitutional and statutory rights. On March 7, 1991, the district court certified the lawsuit as a class action and defined the class as "all persons presently and in the future housed within the correctional facilities of the South Carolina Department of Youth Services."[1] After a bench trial, the district court held that many of the conditions at three of the DJJ Columbia Facilities violated the Plaintiffs' constitutional and statutory rights. The district court instructed the State to submit a remedial plan, and the court approved the State's proposed plan on June 28, 1995.

As part of the remedial plan to eliminate overcrowding in the DJJ Columbia Facilities, the State transferred all of the female juveniles

_____

[1] As part of a state government restructuring in 1993, the name of the South Carolina Department of Youth Services was changed to the DJJ.

3

from the existing DJJ Columbia Facilities to a renovated adult women's correctional facility that the DJJ began operating in Greenwood, South Carolina (the "DJJ Greenwood Facility"). The State also transferred approximately 400 male juveniles from the DJJ Columbia Facilities to a renovated facility at the Crafts Farrow State Mental Hospital in Columbia. The DJJ contracted with a private correctional service provider, Corrections Corporation of America ("CCA"), to staff and operate that facility, which was renamed the Columbia Training Center ("CTC").

On August 8, 1996, the Plaintiffs moved the district court to clarify that the juveniles that the State had transferred to the DJJ Greenwood Facility and to the CTC remained members of the certified class subject to the district court's supervision. The Plaintiffs alleged that the State had refused to allow the Plaintiffs' attorneys access to the juveniles that it had transferred to those facilities. The State filed a motion in opposition claiming that the juveniles at those facilities were no longer members of the certified class because they were no longer housed within the DJJ Columbia Facilities at issue in the initial litigation.

On September 27, 1996, the district court granted the Plaintiffs' motion. The court clarified that the juveniles transferred to the DJJ Greenwood Facility and to the CTC remained members of the certified class. The court ordered the State to allow the Plaintiffs' attorneys, the court monitor, and the guardian ad litem reasonable access to the juveniles in both facilities. The court further held that its order also applied to other similarly situated facilities operated by the DJJ or by private parties with whom the DJJ contracted or subcontracted. The State now appeals that order.

Since the district court issued its order, and after the State filed its appellate brief, the Governor of South Carolina announced that the State will not renew its contract with the CCA because of CCA's failure to perform under the contract. The Plaintiffs and the State have stipulated that the Department of Juvenile Justice, not the CCA, will operate the CTC after July 1, 1997.

We have reviewed all of the arguments that the State raised in its brief and at oral argument, and we find no reversible error. Accord-

4

ingly, we affirm for the reasons convincingly stated by the district court in its thorough opinion. See Alexander S. v. Boyd, No. 3:90-3062-17 (D.S.C. Sept. 27, 1996).**2**

AFFIRMED

_____

**2** Although the DJJ will begin operating the CTC on July 1, 1997, the Plaintiffs and the State both argue that the State's action will not moot the instant appeal. Since any mootness question will not even arise, if at all, until July 1, 1997, we agree that the appeal is not moot. As of the date of this opinion, the case still presents "live" issues. See Powell v. McCormack, 395 U.S. 486, 496 (1969).

5